IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD OLASZ, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-348 |
| | ) |
| WILLIAM F. WELSH, FRANK DIENER and | ) |
| DAVID HAINES, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

OPINION and ORDER OF COURT

SYNOPSIS

Pending is a Motion for Summary Judgment filed by Defendant, William Welsh. Plaintiff filed a Brief in Opposition (Docket No. 45). Based on my opinion set forth below, said Motion is granted in part and denied in part, as moot.

I. BACKGROUND

On March 27, 2006, Plaintiff, Richard Olasz, Sr., filed an Amended Complaint. (Docket No. 2). Therein, Plaintiff asserts violations of his First Amendment rights of freedom of speech and freedom of assembly against Defendants, William F. Welsh, Frank Diener, and David Haines. *Id.* Plaintiff voluntarily dismissed with prejudice Defendants, Mr. Diener and Mr. Haines, from the lawsuit. (Docket No. 30). As a result,

the only Defendant remaining is Mr. Welsh, President of the West Mifflin Borough Council. (Docket No. 2, ¶8). Plaintiff is a member of the West Mifflin Borough Council.

With regard to Mr. Welsh, Plaintiff asserts that he "would regularly and wrongfully rule that Plaintiff was 'out of order'." (Docket No. 2, ¶14). Plaintiff was removed from Borough Council meetings by former police chief, Mr. Diener, at the direction of Mr. Welsh on two occasions: On March 16, 2004, and on May 18, 2004. Thereafter, criminal complaints were filed against Plaintiff. (Docket No. 2, Exs. B and C). On November 3, 2004, District Magistrate Robert Wyda dismissed all charges. (Docket No. 2, Ex. D). On March 17, 2006, Plaintiff initiated this lawsuit. (Docket No. 1).

## II. LEGAL ANALYSIS

### A. LEGAL STANDARD OF REVIEW

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.,* 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. *Id.* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex,* 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id.* at 324.

B. <u>FIRST AMENDMENT VIOLATION OF FREE SPEECH</u>[1]

According to Plaintiff, his First Amendment claims arise out of Defendant's repeated pronouncements of "out of order" at borough council meetings and

---

[1] Plaintiff's Amended Complaint alleges violations of Plaintiff's First Amendment right to free speech and freedom of assembly. (Docket No. 2, ¶2). Plaintiff has failed, however, to articulate either in his Amended Complaint or in his Brief in Opposition how his right to freedom of assembly has been violated. *See,* Docket Nos. 2 and 45. As a result, I must assume that Plaintiff is not pursuing such a claim.

failing to recognize a motion of Plaintiff's, which were all directed at Plaintiff to squelch his right to free speech. (Docket No. 45, pp. 7-8). His ten page Brief in Opposition, however, fails to sufficiently address this argument. *See,* Docket No. 45. His entire conclusory argument is contained in two paragraphs without any citation to law.² (Docket No. 45, pp. 7-8). Conclusory and unsupported beliefs and statements are insufficient to create a genuine issue of material fact. *See, Schoch v. First Fidelity Bancorporation,* 912 F.2d 654, 657 (3d Cir. 1990); *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 500 (3d Cir. 1990), *cert. denied,* 502 U.S. 940 (1991). Furthermore, even when I apply the relevant law to the facts of this case, summary judgment as to Plaintiff's First Amendment claims is warranted.

"The government's power to prevent or limit speech on public property is carefully circumscribed by the First Amendment. Not all public property is open to unfettered public speech, for the 'First Amendment does not guarantee access to

---

²The entirety of Plaintiff's First Amendment argument is as follows:

Although plaintiff has focused on the §1983 malicious prosecution aspect of his case, Plaintiff has not abandoned his claim that Defendant has pursued a campaign of undermining Plaintiff's free speech. Plaintiff concedes that he speaks out at the meetings, and the record reflects that he speaks loudly while being gaveled by Defendant, but Plaintiff argues that, given the way the meetings are conducted, he has been forced to use such tactics to be heard. Defendant's characterization that Plaintiff believes that a Member of Council can say or do whatever he or she wants is a mischaracterization of Plaintiff's views. See Response to Defendant's Concise Statement where Plaintiff agrees there are limitations on speaking time and on a Member's behavior.

Defendant's view that he can arbitrarily decide not to recognize a Motion of Plaintiff is an attempt to thwart speech. Defendant's constant "out-of-order" rulings squelch free speech. Defendant's false contention that Borough meetings can hardly ever be completed, underscores the Plaintiff's claim that Defendant's true motives are to silence Plaintiff. For all of Plaintiff's alleged outbursts, the Council Meetings are finished, with all business completed, in a relatively short time.

(Docket No. 45, pp. 7-8).

4

property simply because it is owned or controlled by the government.'" *Eichenlaub v. Township of Indiana,* 385 F.3d 274, 279 (3d Cir. 2004), *citing U.S. Postal Serv. v. Council of Greenburgh Civic Ass'ns,* 453 U.S. 114, 119 (1981). "The First Amendment does not guarantee persons the right to communicate their views 'at all times or in any manner that may be desired.'" *Jones v. Heyman,* 888 F.2d 1328, 1331 (11th Cir. 1989), *citing Heffron v. International Soc'y for Krishna Consciousness,* 452 U.S. 640, 647 (1981). In *Eichenlaub*, the Third Circuit recognized that, whether a meeting is a general public forum or a limited public forum, it is "reviewed under a sliding standard that allows for content-related regulation so long as the content is tied to the limitations that frame the scope of the designation, and so long as the regulation is neutral as to the viewpoint within the subject matter of that content." 385 F.3d at 281. "'Plainly, public bodies may confine their meetings to specified subject matter....' Thus, matters presented at a citizen's forum may be limited to issues germane to town government." *Id.* at 281 (citations omitted). When a borough council opened the meeting for the public to speak on agenda items, the meeting was a public forum. *See, Eichenlaub,* 385 F.3d at 280-81; *Jones,* 888 F.2d at 1331.

      Applying the case law to the facts of this case, in the light most favorable to Plaintiff, I find summary judgment in favor of Defendant is warranted. The record reflects that at the March 2004, meeting, Plaintiff was called out of order on three occasions before he was removed from the meeting. *See,* Videotape of March 2004, meeting. At each instance, Plaintiff was called out of order for being disruptive

and/or not addressing agenda items. *Id.* Specifically, during the first instance, Plaintiff was called out of order because he interrupted another citizen who had the floor and was speaking to Council. *Id.* at 33:55. Again, Plaintiff was called out of order when Plaintiff yelled to Mr. Fetzko to "sit down and shut up," while another member of council was asking a question and Donald Fetzko, the solicitor sitting at council table, was going to address the question. *Id.* 13:32. Finally, Plaintiff was called out of order when he strayed from the agenda item he was talking about to question Defendant and the Chief of Police about how many police officers were at the meeting. *Id.* at 5:29. As in *Eichenlaub,* I find that "[r]estricting such behavior is the sort of time, place, and manner regulation that passes muster under the most stringent scrutiny for a public forum. Indeed, for the presiding officer of a public meeting to allow a speaker to try to hijack the proceedings, or to filibuster them, would impinge on the First Amendment rights of other would-be participants." *Eichenlaub,* 385 F.3d at 281. Defendant's actions were content neutral and served the function of adhering to rules of decorum and confining the discussion to the purpose of the meeting. Thus, I find Plaintiff's First Amendment right to free speech was not violated at the March 2004, meeting.

At the May 2004, meeting, Plaintiff was also called out of order on three occasions before being removed. *See,* Videotape of May 2004, meeting. The three out of order calls were made in quick succession. *Id.* at 28:15-27:21. During that time, council was voting on agenda items and in the middle of the same, Plaintiff continuously attempted to loudly interrupt. *Id.* Again, I find that regulating such

6

speech does not infringe upon Plaintiff's First amendment right to free speech as it was confined to adhering to rules of decorum and Plaintiff's failure to adhere to the same.

Finally, Plaintiff asserts that the failure to recognize a Motion of Plaintiff is a violation of his free speech. (Docket No. 45, p. 8). I disagree. At the May 2004, meeting, a member of the public was told by Plaintiff to come to the meeting to speak about a sewage issue. *See,* Videotape of May 2004 meeting. Prior to the knowledge that Plaintiff told him to come and speak, Defendant told the gentleman that he would not be permitted to speak on this issue because it was not an agenda item. *Id.* Defendant explained the process to him and told him that he could speak at the next meeting if he gave council 24 hours notice of the item he wished to discuss. *Id.* Plaintiff moved to permit the gentleman to speak, but Defendant did not recognize the motion as it was against the stated purpose to the meeting, which was to address only agenda items. *Id.* As set forth above, this is a proper content neutral restriction of speech. "'Plainly, public bodies may confine their meetings to specified subject matter....'" *Eichenlaub,* 385 F.3d at 281, *quoting Citiy of Madison Joint Sch. Dist. v. Wis. Employment Relations Comm'n,* 429 U.S. 167, 175 n. 8 (1976). Consequently, I find no merit to Plaintiff's First Amendment claims. Therefore, summary judgment in favor of the remaining Defendant, William Welsh, is warranted as to Plaintiff's First Amendment claims.

C. <u>MALICIOUS PROSECUTION PURSUANT TO 42 U.S.C. §1983</u>

Plaintiff asserts that the criminal prosecution of Plaintiff constitutes malicious

prosecution pursuant to 42 U.S.C. §1983.[3]  To succeed on a §1983 claim of malicious prosecution, a plaintiff must establish an underlying constitutional violation. *Merkle v. Upper Dublin School Dist.,* 211 F.3d 782, 792 (3d Cir. 2000).  In this case the alleged constitutional violations are First Amendment violations.  If the plaintiff establishes an underlying constitutional violation, then he must also establish the common law elements of a malicious prosecution claim.  "In Pennsylvania, a plaintiff alleging common law malicious prosecution must show (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice." *Id.* at 791, *citing, Hilfirty v. Shipman*, 91 F.3d 573, 579 (3d Cir.1996).

As set forth above, I have found that there is no underlying First Amendment violation.  Consequently, Plaintiff's §1983 malicious prosecution claim must fail. *Merkle v. Upper Dublin School Dist.,* 211 F.3d 782, 792 (3d Cir. 2000).  Therefore, summary judgment in favor of Defendant as to Plaintiff's malicious prosecution claim is warranted.

D.  <u>STATE LAW CLAIM</u>

Defendant asserts that the Amended Complaint may be read, implicitly, to

---

[3]In his Brief in Support of his Motion for Summary Judgment, Defendant viewed Plaintiff's malicious prosecution claim as one of state law.  *See,* Docket No. 41, pp. 14-17.  Rightfully so since Plaintiff's Amended Complaint does not set forth his claims under separate headings and stated in the jurisdiction section that "[j]urisdiction over the **state law claim of malicious prosecution** is conferred by virtue of 28 USCA §1367(a)." (Docket No. 2, ¶5) (emphasis added).  In opposition, Plaintiff states that he is not pursuing a state law claim for malicious prosecution, but rather is pursuing a malicious prosecution claim pursuant to 42 U.S.C. §1983. (Docket No. 45, p. 3).  Defendant then addressed Plaintiff's §1983 malicious prosecution claim in his Reply Brief.  (Docket No. 46). Consequently, I will address Plaintiff's malicious prosecution claim as one brought pursuant to §1983.

8

have stated a state law claim for civil conspiracy. (Docket No. 41, p. 18). To that end, Defendant first requests that I decline jurisdiction over the remaining purely state law claim. (Docket No. 41, p. 14). In the alternative, Defendant asserts that he is entitled to summary judgment because there is no evidence of any prior communication between Defendant and Mr. Diener to commit the alleged violations. (Docket No. 41, p. 18). After a review of the evidence, though, I do not believe Plaintiff is pursuing a state claim for civil conspiracy for two reasons. First, a review of the Amended Complaint reveals that Plaintiff specifically stated that jurisdiction over his "state law claim of malicious prosecution is conferred by virtue of 28 USCA §1367(a)." (Docket No. 2, ¶5). The Amended Complaint is absolutely silent, however, as to jurisdiction over a conspiracy claim. Second, Plaintiff did not respond in any way to the conspiracy argument in his Brief in Opposition. (Docket No. 45). Consequently, I find that Plaintiff is not pursuing a state law claim for civil conspiracy. Therefore, summary judgment in favor of Defendant as to a state law claim for civil conspiracy is denied as moot, since Plaintiff is not pursuing a claim for the same.

E.  IMMUNITY

Defendant asserted various immunity defenses in the alternative. (Docket No. 41, pp. 10-14). Because I have granted summary judgment in favor of Defendant, I need not consider the same.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER OF COURT

**AND NOW,** this **25th** day of June, 2007, after careful consideration of Defendant's Motion for Summary Judgment (Docket No. 40) and the related submissions, it is ordered that said Motion (Docket No. 40) is granted as to Plaintiff's First Amendment claims and Plaintiff's claim for malicious prosecution pursuant to §1983, and is denied as moot as to a state law claim for civil conspiracy since Plaintiff is not making a claim for civil conspiracy.

Judgment is hereby entered in favor of Defendant, William F. Welsh and against Plaintiff Richard Olasz, Sr. This case is "CLOSED" *forthwith.*

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge