IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD OLASZ, SR., )<br>                                      )<br>    Plaintiff,                       )<br>                                      )<br>    vs.                                )<br>                                      )<br>WILLIAM F. WELSH, *et al.*,         )<br>                                      )<br>    Defendants.                 ) | Civil Action No. 6-348 |

AMBROSE, Chief District Judge

### **MEMORANDUM OPINION**

Pursuant to Rule 54(d) and 28 U.S.C. §1927, on August 6, 2009, Defendant, William Welsh, filed a Motion for Attorneys' Fees in the amount of $2,470.00 as a sanction for having to file a response to Plaintiff's Objection to the Taxation of Costs filed on December 1, 2008, and for the filing of the pending Motion. (Docket No. 65, ¶¶17, 25). Section 1927 provides as follows:

> § 1927. Counsel's liability for excessive costs
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C.A. § 1927. Thus, to impose sanctions on an attorney, I must find that the attorney has: (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; and (4) with bad faith or with intentional misconduct. *LaSalle Nat. Bank v. First Connecticut Holding Group, LLC.*, 287 F.3d 279, 288 (3d Cir. 2002).

> The sanctions are intended to deter an attorney from intentionally and unnecessarily delaying judicial proceedings, and they are limited to the costs that result from such delay. Although § 1927 provides a court with a mechanism for sanctioning vexatious and willful conduct, "courts should exercise [this sanctioning power] only in instances of a serious and studied disregard for the orderly process of justice."

*Id.* "Consequently, sanctions may not be imposed under § 1927 absent a finding that counsel's

conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." *Id., citing, Zuk v. East. PA Psych. Inst.*, 103 F.3d 294, 297 (3d Cir. 1996).

Applying the law to the facts of this case, I decline to award attorney fees in this case. Specifically, I note that while Plaintiff filed Objections to the Bill of Costs (Docket No. 62), Defendants were not ordered to file a response. In fact, in the Taxation of Costs, the Clerk of Courts specifically noted that the objection to taxation of costs (as well as Defendant's motion for attorney fees) could only be considered by the presiding judge upon motion. (Docket No. 64, p. 1). Thereafter, Plaintiff did not file a motion objecting to the taxation of costs. Rather, Defendant filed a Motion for Attorney Fees for having to file the Response to the Objections and for having to prepare the instant Motion. (Docket No. 65). Since Defendant was not required to file a response to the Objection and since Plaintiff did not file a Motion before this Judge objecting to the taxation of costs assessed by the Clerk of Courts, I cannot find that the attorney for Plaintiff multiplied the proceedings or increased the cost of the proceedings.

THEREFORE, this 17th day of September, 2009, it is ordered that the Motion for Attorney Fees (Docket No. 65) is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge